UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RON VILLALTA                                            JURY TRIAL DEMANDED
   on behalf of himself
   and all others similarly situated

v.                                                                  CASE NO. 3:09CV

LAW OFFICES HOWARD LEE SCHIFF, P.C.

## CLASS COMPLAINT

1. This is an action for damages, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. This Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331 and §1367.

3. Plaintiff is an individual who resides in Connecticut.

4. Plaintiff is a consumer within the meaning of the FDCPA.

5. Defendant is a law firm in the practice of consumer debt collection.

6. Defendant's practice is to add court costs (filing fees) to an alleged debt once suit has been filed but before a court awards any costs.

7. Defendant brought suit against plaintiff, and promptly thereafter sent the attached letter demanding not only the amount of the alleged debt but an additional $35 in court costs.

8. Defendant sought court costs at a time when that was not permitted by Connecticut law. See *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004).

9. Within one year before this case, defendant transmitted hundreds of post-suit prejudgment letters seeking court costs prior to any award of costs by the court.

10. In the course of the collection, defendant violated §1692e, or -f.

**CLASS ACTION ALLEGATIONS**

Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class

Under the FDCPA, all persons in the State of Connecticut to whom, during the one year prior to the filing of this Complaint, Defendant transmitted a letter seeking court costs prior to any award thereof by a court.

15. The Class is so numerous that joinder of all members is impracticable.

16. A principal question of law common to the Class predominates over any questions affecting only individual Class members. The principal question is whether Defendant violated the FDCPA by seeking court costs from Connecticut residents to which defendant was not entitled by law.

17. Plaintiff's claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

18. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

19. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish

incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

20. Whether a Class member was subject to a letter demanding costs before they were awarded can be determined by ministerial inspection of Defendant's records.

21. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA is up to $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

## CLAIMS FOR RELIEF

## VIOLATION OF THE FDCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendant violated the FDCPA as to the Plaintiff and the Class. Defendant' violations include violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692f as evidenced by the following conduct:

(a) Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

    (b)  Falsely representing the character, amount or legal status of an alleged debt; and

    (c)  Using unfair means to collect or attempt to collect an alleged debt.

 24. Defendant's acts as described above were intentional, continuing after Shula v. Lawent, 359 F.3d 489 (7th Cir. 2004) was brought to its attention in March, 2008.

 25. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff and members of the Class for actual damages, statutory damages and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

 WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)  That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

    (b)  That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    (c)  That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

    (d)  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

    (e)  That the Court award all remedies provided by remedies provided by Conn. Gen. Stat. §42-110g and 36a-648; and,

    (f)  That the Court grant such other and further relief as may be just

and proper, including punitive damages and injunctive relief.

                            PLAINTIFF,

                BY    **/s/ Joanne S. Faulkner**
                          Joanne S. Faulkner ct04137
                          123 Avon Street
                          New Haven, CT 06511-2422
                          (203) 772-0395
                          faulknerlawoffice@snet.net

LAW OFFICES
# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
MANCHESTER, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

510 Tolland Street   POB 280245 East Hartford, Connecticut 06108
Telephone (860) 528-9991            Facsimile (860) 528-7602

Howard Lee Schiff 1933-2007

RON VILLALTA
28 OXFORD ST
NORWALK CT    06854

July 22, 2008

RE: MIDLAND FUNDING, LLC vs. RON VILLALTA
CN-R19752
SUIT AMOUNT (INCLUDING COSTS): $965.84

Dear RON VILLALTA

WE HAVE FILED SUIT AGAINST YOU AS INSTRUCTED BY OUR CLIENT. You will receive your official notice of suit in the mail from the Superior Court, Centralized Small Claims Office at 80 Washington Street, Hartford CT 06106.

PARTIAL PAYMENTS WILL NOT STOP THIS SUIT.  To avoid further action please remit the FULL CLAIMED AMOUNT of $965.84 in certified funds ONLY (bank check or money order - NO personal checks) and we will take steps to withdraw the matter.

Please call our office at (866) 234-7606 if you have questions about this file.  Please note we CANNOT provide you with legal advice.  Our intent is to obtain payment IN FULL or to proceed through court to obtain a judgment against you.

Very truly yours,

Law Offices Howard Lee Schiff, P.C.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

SS

THIS COMMUNICATION IS FROM A DEBT COLLECTOR